UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SUSAN ZAWACKY, individually and as Personal Representative of the Estate of JENOAH DONALD, deceased, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>COUNTY OF CLARK, political subdivision of the State of Washington, et al,<br><br>    Defendants. | CASE NO. 3:22-cv-05101-DGE<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR AN EXTENSION PURSUANT TO RULE 6 (DKT. NO. 36) |

This matter comes before the Court on Plaintiffs' motion (Dkt. No. 36) for an extension of time to respond to Defendants' summary judgment motion (Dkt. No. 30).

Plaintiff moves for an extension pursuant to Federal Rules of Civil Procedure 6(b)(1) and 56(d). (Dkt. No. 36 at 5.)

"[A] district court should continue a summary judgment motion upon a good faith showing by affidavit that the continuance is needed to obtain facts essential to preclude summary judgment." *State of Cal., on Behalf of California Dep't of Toxic Substances Control v.*

ORDER GRANTING PLAINTIFFS' MOTION FOR AN EXTENSION PURSUANT TO RULE 6 (DKT. NO. 36) - 1

1  *Campbell*, 138 F.3d 772, 779 (9th Cir. 1998). The party seeking to continue must establish via
2  affidavit that "'(1) it has set forth in affidavit form the specific facts it hopes to elicit from further
3  discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose
4  summary judgment.'" *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018) (quoting
5  *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir.
6  2008)). Specificity is important—the Court must be able to ascertain from the affidavit why the
7  requisite discovery would defeat summary judgment. *See Tatum v. City & Cnty. of San*
8  *Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006) ("Tatum's request for a continuance did not
9  identify the specific facts that further discovery would have revealed or explain why those facts
10 would have precluded summary judgment.").

11      Plaintiffs argue that a continuance pursuant to Federal Rule of Civil Procedure 56(d) is
12 warranted because they have not been able to depose Defendant Sean Boyle. (Dkt. No. 36-1 at
13 2–3.) They assert Defendant Boyle's testimony is "essential," but do not specify why. (*Id.* at 3.)
14 Similarly, Plaintiffs argue their use of force expert is expected to offer an opinion "that Deputies
15 Troupe and/or Boyle acted negligently, assaulted Mr. Donald, violated his well-established
16 Constitutional rights, and statements Deputy Boyle made in an investigative interview are
17 inconsistent with the other evidence and accepted practices." (*Id.*) Plaintiffs note this opinion is
18 also essential. (*Id.*)

19      Plaintiffs fail to properly articulate through affidavit why the Court should continue
20 Defendants' motion for summary judgment. Plaintiffs do not detail how they expect the
21 testimony of Defendant Boyle or the opinion of their use of force expert would preclude
22 summary judgment. Plaintiffs merely put forward conclusory statements that this information is
23 essential to their case. While Plaintiffs detail in argument reasons why the expected testimony is
24

ORDER GRANTING PLAINTIFFS' MOTION FOR AN EXTENSION PURSUANT TO RULE 6 (DKT. NO. 36) - 2

essential to defeating Defendants' summary judgment motion (*see* Dkt. No. 39 at 2–5), this not sufficient for the Court to continue consideration of Defendants' summary judgment motion. Federal Rule of Civil Procedure 56(d) is clear that Plaintiffs must establish that a continuance is warranted through "affidavit or declaration."  Fed. R. Civ. P. 56(d).

Despite Plaintiffs' failure to comply with the formalities of Rule 56(d), Rule 6(b)(1)[1] provides the Court with discretion to grant Plaintiffs' request. *See Smith v. Baugh*, No. 16-CV-906-LJV-LGF, 2022 WL 16540356, at *3 (W.D.N.Y. Oct. 28, 2022) ("[T]he fact that Rule 6(b)(1)(B) might impact a summary judgment deadline does not mean that it is trumped by Rule 56(d).").

Rule 6(b)(1) provides "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1). "'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). Requests for extensions of time made prior to the deadline at issue should typically be granted absent bad faith by the moving party. *Id.*  The Court finds Plaintiffs have presented good cause as to why the deadline for Plaintiffs' response should be extended.  Specifically, the Court finds that failure of the parties to schedule and undertake a deposition for named Defendant Sean Boyle constitutes good cause and there is no evidence that Plaintiffs have engaged in bad faith behavior.

---

[1] The Court also notes Rule 56(e) would permit the Court to provide Plaintiffs with an opportunity to address the procedural deficiencies of their Rule 56(d) affidavit. The Court need not reach the issue as Rule 6(b)(1) provides an independent basis to provide relief from deadline.

ORDER GRANTING PLAINTIFFS' MOTION FOR AN EXTENSION PURSUANT TO RULE 6 (DKT. NO. 36) - 3

Accordingly, and having considered Plaintiffs' motion (Dkt. No. 36), the briefing of the parties, and the remainder of the record, the Court finds and ORDERS Plaintiffs' motion for an extension of the deadline is GRANTED.

1. Plaintiffs shall respond to Defendants' motion for summary judgment by March 13, 2023, the discovery deadline. Plaintiffs, with Defendants' cooperation, shall immediately schedule and complete the discovery they believe necessary to respond to the motion for summary judgment and should not expect additional extensions.

Dated this 4th day of January, 2023.

David G. Estudillo
United States District Judge