UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SUSAN ZAWACKY et al., <br><br> Plaintiffs, <br> v. <br><br> CLARK COUNTY et al., <br><br> Defendants. | CASE NO. 3:22-cv-05101-DGE <br><br> ORDER DENYING MOTION FOR LEAVE TO AMEND COMPLAINT (DKT. NO. 52) |

This matter comes before the Court on Plaintiffs' motion for leave to amend their complaint (Dkt. No. 52). The Court finds that leave to amend is inappropriate and DENIES Plaintiffs' motion.

Plaintiffs filed their initial complaint on February 17, 2022. (Dkt. No. 1.) Defendants filed their answer to the complaint on May 13, 2022. (Dkt. No. 12.) On February 2, 2023, Plaintiffs filed a motion seeking leave to amend their complaint to add state and federal racial discrimination claims. (Dkt. No. 52.) Defendants filed a response in opposition to the motion on February 9, 2023.

ORDER DENYING MOTION FOR LEAVE TO AMEND COMPLAINT (DKT. NO. 52) - 1

Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). "In determining whether leave to amend is appropriate, the district court considers 'the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir.1999)).

Plaintiffs argue leave to amend should be granted because Defendants will not be prejudiced by the filing of the complaint. (Dkt. No. 52 at 3.) Defendants, in response, argue Plaintiffs' amendments are futile since they do not allege any new facts that would provide a plausible claim for racial bias. (Dkt. No. 55 at 4–5.) Defendants also argue leave to amend would be prejudicial because of Plaintiffs' undue delay in filing this motion. (*Id.* at 6–7.)

The Court agrees with Defendants that an attempt to amend the complaint this late into the case would prejudice Defendants. As the Ninth Circuit has noted:

> In assessing timeliness, we do not merely ask whether a motion was filed within the period of time allotted by the district court in a Rule 16 scheduling order. Rather, in evaluating undue delay, we also inquire "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading."

*AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006). Plaintiffs filed this motion nearly a year after the filing of their initial complaint and the primary reason for the addition of these claims appears to be the engagement of new counsel. (*See* Dkt. No. 52-1 at 2) (noting that the motion for leave to add additional claims was based upon new counsel's "review of the case materials to date, and the discovery available thus far.") Furthermore, Plaintiffs asserts "Defendants were on notice of the underlying factual allegation in the **original** complaint." (Dkt. No. 59 at 9) (emphasis added.) But on the same logic, factual allegations sufficient to provide Defendants with notice of a potential racial bias claim were also available to

Plaintiffs at the time of filing.  Waiting over a year to file these allegations, which Plaintiffs should have been aware of at the time of filing, clearly constitutes undue delay.  *See AmerisourceBergen Corp.*, 465 F.3d at 953 (noting that "an eight month delay between the time of obtaining a relevant fact and seeking a leave to amend is unreasonable."); *see also Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986) ("[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action.").

        Accordingly, and having considered Plaintiffs' motion (Dkt. No. 52), the briefing of the parties, and the remainder of the record, the Court finds and ORDERS that Plaintiffs' motion is DENIED.

        Dated this 24th day of February, 2023.

David G. Estudillo
United States District Judge