UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SUSAN ZAWACKY et al.,<br><br>      Plaintiffs,<br>   v.<br><br>CLARK COUNTY et al.,<br><br>      Defendants. | CASE NO. 3:22-cv-05101-DGE<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR RELIEF FROM DEADLINE (DKT. NO. 107) |

## I   INTRODUCTION

This matter comes before the Court on Plaintiffs' renewed motion for relief from deadline to amend their complaint.  (Dkt. No. 107.)  For the reasons discussed below, the Court DENIES Plaintiffs' motion.

## II   BACKGROUND

Plaintiffs filed their initial complaint in the instant matter on February 17, 2022.  (Dkt. No. 1.)  The complaint included claims for negligence, assault and battery, and violations of Plaintiffs' Fourth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983.  (*See id.* at

11–14.) Plaintiffs did not assert claims for violations of state and federal laws against racial discrimination.

Nearly a year later, Plaintiffs filed a motion to amend their complaint to add claims for racial discrimination under Washington Revised Code § 49.60.030 and 42 U.S.C. § 1983. (*See* Dkt. No. 52.)  The Court denied this motion given Plaintiffs' undue delay and the potential prejudice to Defendants. (*See* Dkt. No. 66.)  On June 15, 2023, Plaintiffs file a renewed motion to amend their complaint to add racial discrimination claims. (*See* Dkt. No. 107.)

### III   DISCUSSION

Plaintiffs seek, once again, to amend their complaint to add state and federal racial discrimination claims. (*See id.* at 4–5.)  Plaintiffs justify this renewed request by arguing that "[i]n light of the rescheduled trial, the risk of prejudice to Defendants no longer exists." (*Id.* at 8.)

The Court construes Plaintiffs' renewed motion to be a belated motion for reconsideration of the Court's prior order. (*See* Dkt. No. 66.)  The only thing that has changed since the Court last denied such a request is that the Court extended the discovery deadline in light of both parties' failure to timely complete discovery. (*See* Dkt. No. 103.)  This is not sufficient for the Court to reconsider its prior ruling.  *See* LCR 7(h)(1) (noting that "[m]otions for reconsideration are disfavored.").

Plaintiffs have also failed to demonstrate "good cause" to modify the Court's scheduling order.  *See* Fed. R. Civ. P. 16(b)(4).[1]  "Rule 16(b)'s 'good cause' standard primarily considers

---

[1] Because Plaintiffs seek to modify the Court's scheduling order, they must first demonstrate good cause before the Court turns to the factors to be weighed when considering a proposed amendment to a complaint.  *See Jackson v. Calone*, No. 216CV00891TLNKJN, 2019 WL 4747811, at *2 (E.D. Cal. Sept. 30, 2019) ("A plaintiff must first satisfy Rule 16's 'good cause' standard before seeking to amend the complaint under Rule 15.").

the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  As previously noted, Plaintiffs' desire to add new claims appears to stem solely from the addition of new counsel and indicates a lack of diligence on behalf of counsel.  (Dkt. No. 66 at 2.)

Plaintiffs' original complaint, filed in February 2022, contained allegations relating to racial discrimination and pretextual stops.  Plaintiffs specifically alleged that Clark County's "established practice of racial discrimination, bias, and inadequate training . . . caused deputies in the case of Jenoah Donald to illegally pull over an African American driver." (*See* Dkt. No. 1 at 11.)  Plaintiffs nonetheless chose not to allege violations of state and federal laws against racial discrimination.  Addition of counsel, nearly a year after filing the complaint, is not "good cause" to modify the Court's scheduling order when the possibility of racial discrimination was apparent at the time this suit was filed. *See Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986) ("[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action.").

## IV    CONCLUSION

Accordingly, and having considered Plaintiffs' motion (Dkt. No. 107), the briefing of the parties, and the remainder of the record, the Court finds and ORDERS that Plaintiffs' motion is DENIED.

1 | Dated this 17th day of July, 2023.

David G. Estudillo
United States District Judge