UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SUSAN ZAWACKY, et al., | CASE NO. C22-5101-KKE |
| Plaintiffs, | ORDER DENYING MOTION TO STAY |
| v. | |
| CLARK COUNTY, et al., | |
| Defendants. | |

Defendants seek to stay proceedings in this matter pending a decision by the Ninth Circuit Court of Appeals on their interlocutory appeal from this Court's May 10, 2024 summary judgment order denying qualified immunity to Defendant Sean Boyle (Dkt. No. 134). Dkt. No. 137. Plaintiffs oppose Defendants' motion on the grounds that Defendants' appeal lacks merit and argue this case should therefore be set for trial. *See* Dkt. No. 140.

At this stage, the Court cannot be certain that Defendants' appeal is meritorious. Accordingly, the motion is denied. However, because Defendants' appellate briefing will articulate the basis for their appeal, the motion is denied without prejudice to refiling.

**I.    LEGAL STANDARDS**

When a party files an interlocutory appeal of a district court's order denying qualified immunity, the district court is automatically divested of jurisdiction to proceed to trial on the claim

ORDER DENYING MOTION TO STAY - 1

subject to the appeal, unless the district court certifies the appeal as frivolous or forfeited. *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992).

"An appeal is frivolous if the results are obvious, or the arguments of error are wholly without merit." *In re George*, 322 F.3d 586, 588 (9th Cir. 2003) (cleaned up). In determining whether an appeal is frivolous, courts consider that "a defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." *Johnson v. Jones*, 515 U.S. 304, 319–20 (1995). The Ninth Circuit has explained that it "may exercise jurisdiction over issues that do not require resolution of factual disputes, including in cases where officers argue that they have qualified immunity, assuming the facts most favorable to the plaintiff." *Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 791 (9th Cir. 2018); *see also Ames v. King Cnty.*, 846 F.3d 340, 347 (9th Cir. 2017) ("Where the district court has determined the parties' evidence presents genuine issues of material fact, such determinations are not reviewable on interlocutory appeal.").

## II.   ANALYSIS

In their briefing, Defendants do not clearly identify a legal issue that forms the basis of their appeal. *See* Dkt. No. 137; Dkt. No. 141 at 3. Defendants state that the legal issue they intend to raise "is whether a jury may find that physical evidence disputes the sworn testimony of three eyewitnesses, when the Plaintiffs' own forensic expert said that physical evidence could not allow him to find that Boyle was standing safely outside the car as it slowly rolled away." Dkt. No. 141 at 3. Plaintiffs characterize this issue as a factual dispute that cannot be addressed or resolved on appeal (Dkt. No. 140 at 4), but have not filed a motion to certify the appeal as frivolous.

The Court expects that Defendants' assignment(s) of error will become crystalized in their appellate brief. Accordingly, the motion to stay is denied without prejudice to re-filing after Defendants file their opening brief in the Ninth Circuit.

### III.  CONCLUSION

Defendants' motion to stay (Dkt. No. 137) is DENIED without prejudice.

Dated this 21st day of June, 2024.

*Kymberly K. Evanson*
Kymberly K. Evanson
United States District Judge